(Nos. 42995, 42996 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RAYMOND ARNDT, Appellant.

*Opinion filed November 24, 1971.*

GERALD W. GETTY, Public Defender, of Chicago, (SUZANNE M. KOHUT and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-

field, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and BRENT F. CARLSON, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On January 31, 1967, the defendant, Raymond Arndt, was arraigned in the circuit court of Cook County upon two indictments, one of which charged him with armed robbery in that on January 8, 1967, he and Robert Poskus, by the use of force and while armed with a dangerous weapon, took money and property from the person of Harry Reimann. The second indictment charged that on December 5, 1966, the defendant and Shirley Flahive and Edward J. Urban committed armed robbery in that by the use of force and while armed with a dangerous weapon they took money from Robert Kuffell; another count of that indictment charged the same three defendants with the offense of aggravated battery upon Robert Kuffell. The defendant pleaded not guilty to both indictments and the public defender was appointed to represent him.

On September 23, 1969, the defendant was allowed to withdraw his plea of not guilty and enter a plea of guilty to both indictments. He was sentenced to imprisonment for not less than four nor more than nine years on each indictment, the sentences to run concurrently. On this direct appeal it is contended that he was not adequately admonished as to the consequences of his plea of guilty.

Between the defendant's arraignment on January 31, 1967, and his ultimate plea of guilty on September 23, 1969, the case had been continued twenty times upon his motion. It had also been continued four times by agreement of the parties, twice upon motion of the People, and three times on the court's own motion. A motion by the defendant to substitute judges had been granted and

the case had been reassigned. During that period the public defender, who had been appointed to represent the defendant, had been granted leave to withdraw, and a private attorney had filed his appearance for the defendant. Thereafter that attorney had been permitted to withdraw, and the public defender had been reappointed. During that period also, the defendant's motion to reduce bond had been granted and he had been released on bail. His bond had been forfeited, however, when he failed to appear, and he had been rearrested.

When the case was called on Friday, September 19, 1969, the defendant's attorney answered ready for trial and then moved again for a reduction in the amount of his bond. That motion was continued and the case was held on call until Monday, September 22. On that date the defendant filed a second petition for substitution of judges, this time on the ground that the trial judge had not ruled upon his request for a reduction in the amount of his bond. On that date the defendant also moved the court to appoint a private attorney to represent him. That motion, and the defendant's petition for substitution of judges, were denied. On September 22, the assistant public defender, who represented both the defendant and his co-defendant Urban, expressed the need for an additional attorney, suggesting that there might be inconsistent defenses.

When the case was called on Tuesday, September 23, 1969, another assistant public defender who had previously represented Arndt appeared in his behalf and expressed defendant's desire to plead guilty. The defendant agreed with his attorney's statement to the court that the defendant was familiar with "jury trial procedure and bench trial procedure" and understood that by pleading guilty he was waiving his right to any kind of trial.

In response to the judge's inquiries, the defendant stated that he wished to plead guilty to both indictments, and that he was doing so freely and voluntarily. The judge

then stated: "I don't want you to do this if you are under some sort of coercion or pressure. I want you to do it only if you want to do it. Do you understand me?" The defendant replied, "Yes, your Honor."

The defendant also told the judge that he understood that he had a right to have a jury pass upon his guilt or innocence and that he waived that right by pleading guilty. The possible penalties were explained to the defendant. The assistant State's Attorney then described in detail the facts to which the witnesses would testify in connection with each indictment, and in each instance the defendant agreed that the facts as stated were correct. The defendant's plea was then accepted.

The defendant's contention on this appeal is that the "trial court's superficial inquiry of defendant as to whether he waived his right to trial by jury and its failure to mention defendant's privilege against self-incrimination and right of confrontation on his plea of guilty deprived the defendant of his absolute rights under the United States Constitution and as further enunciated in *Boykin.*" His contention is built upon the following language of the opinion of the Supreme Court in *Boykin v. Alabama (1969), 395 U.S. 238, 243, 23 L.Ed. 274, 279-80, 89 S.Ct. 1709:* "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. \*\*\* Second, is the right to trial by jury. \*\*\* Third, is the right to confront one's accusers. \*\*\* We cannot presume a waiver of these three important federal rights from a silent record."

The words of a judicial opinion do not have a vitality independent of the facts to which the opinion is addressed *(People v. Morales (1971), 48 Ill.2d 396, 400),* and in dealing with the quoted paragraph in *Boykin* it must be borne in mind that the court was apparently there

considering a truly "silent record," with no admonition whatsoever to, or examination of, the defendant. The Supreme Court itself has not interpreted the *Boykin* case in the literal way in which the defendant reads it. Rather, that court has said: "The new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady v. United States (1970), 397 U.S. 742, 747-8, n. 4, 25 L.Ed.2d 747, 756, 90 S.Ct. 1463.*

In our opinion no rights of the defendant were violated in connection with the entry of his plea of guilty. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*