BARBARA CAVINESS, Petitioner-Appellee, *v.* THE BOARD OF EDUCATION OF LUDLOW COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 142 OF CHAMPAIGN COUNTY, Respondent-Appellant.

Fourth District    No. 14602

Opinion filed April 14, 1978.

Thomas R. Miller, of Monticello, for appellant.

Drach, Terrell & Deffenbaugh, of Springfield, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

We treat here a fresh aspect of the tenured-teacher concept: What constitutes "removal" or "dismissal"?

The facts are straightforward.

Barbara Caviness is a teacher on "contractual continued service" status and holds a certificate authorizing her to teach grades kindergarten through nine. She taught kindergarten for one-half of each day and primary physical education and art for the remaining half day. Due to financial exigencies, the Board of Education of Ludlow Community Consolidated School District No. 142 of Champaign County voted to reduce Caviness from her full-time position and reassign her to a half-time teaching position for the 1977-78 school term, with a salary one-half that of a full-time employee. The Board intended to retain her as a kindergarten teacher, but reassign the physical education and art duties to homeroom teachers. At the time of Caviness' reassignment, there were two nontenured teachers in full-time positions for which Caviness was qualified, but the Board of Education refused to place her in one of these positions.

After Caviness filed for a writ of mandamus, declaratory judgment and injunctive relief, the trial court ordered that Caviness be assigned a full-time teaching position.

That action was correct.

The basis for Caviness' suit is found in section 24—12 of the School Code, which reads in pertinent part:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given * * * and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service." (Ill. Rev. Stat. 1975, ch. 122, par. 24—12.)

On appeal, the Board argues that Caviness was not "removed" or "dismissed" within the meaning of section 24—12. It is also asserted that Caviness failed to allege or prove that there was a decrease in the number of teachers or that there was a discontinuation of a teaching service. And—the Board argues—since Caviness' employment was only reduced and the total number of teachers and teaching services were maintained, the "bumping" privileges of section 24—12 are inapplicable.

■■ Although no Illinois decisions have been found construing the

words "removed" or "dismissed," to be consistent with the purpose of the School Code the words must encompass *any* reduction in the extent of employment. The tenure provisions of the School Code were intended to protect experienced and veteran teachers against capricious, fickle and irregular exploits of school boards. (*Relph v. Board of Education* (1977), 51 Ill. App. 3d 1036, 366 N.E.2d 1125.) And limiting the application of "removed" or "dismissed" to instances of complete termination would—as a practical matter—totally obliterate the protections intended by the statute. If this were the case, a board could merely nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign. Such interpretation cannot be sanctioned.[1]

■■■ Finally, the Board claims there was no allegation or proof that the number of teachers was decreased. But—again to be harmonious with the statutory intent—this phrase must countenance *any* reduction in the number of full-time equivalent teachers. Although the total number of teachers was not reduced, petitioner alleged and proved she was reduced to a one-half time teaching position so that the sum total of full-time teachers was decreased, thereby activating the "bumping" privileges for teachers in "contractual continued service." To hold otherwise would simply emasculate the statutory tenure protections and circumvent the clear legislative intent sheltered under the canopy of the School Code.

Affirmed.

GREEN, P. J., and REARDON, J., concur.

---

[1] It should be noted, however, that a mere change in position or status does not come within the purview of "removed" or "dismissed." (*Lane v. Board of Education of Fairbury-Cropsey Community Unit School District No. 3* (1976), 38 Ill. App. 3d 742, 348 N.E.2d 470.) Nor, of course, would such interpretation be applied to a teacher's extracurricular duties or assignments, such as coaching sports activities, directing class plays, training debaters or other forensic students, etc.—or any other function not specifically encompassed within the teacher's primary curricular job description.