SCHOOL DIRECTORS OF DISTRICT U-46, COUNTIES OF KANE, DU PAGE AND COOK, AND STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SINCLAIR KOSSOFF, Hearing Officer, Illinois State Board of Education, *et al.*, Defendants-Appellants.

Second District    No. 80-192

Opinion filed April 7, 1981.

Van R. Richards, Jr., of Geister, Schnell, Richards & Brown, of Elgin, for appellants.

John F. Early, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

In this appeal we consider whether section 24—12 of the School Code of 1961 (Ill. Rev. Stat. 1979, ch. 122, par. 24—12) requires a school teacher who is reinstated to his tenured teaching position following review of his dismissal or suspension must also be reassigned to a second, extracurricular position which had also been held by him pursuant to a separate contract.

In July 1979, charges of immoral conduct were brought by plaintiff, School Directors of District U-46, Counties of Kane, Du Page and Cook and State of Illinois, against defendants, Eric M. Anderson, Rodney Bixby and John Newcomb. Defendants were suspended without pay from their high school teaching positions and extracurricular assignments by the school board, and it also sought dismissal of defendants and requested appointment of an independent hearing officer as required by statute. (Ill. Rev. Stat. 1979, ch. 122, par. 24—12.) By agreement of the parties, the cases were consolidated for hearing before the hearing officer, defendant Sinclair Kossoff. Defendant Anderson had been hired as a physical education instructor at Elgin Larkin High School and was assistant varsity football coach and head varsity baseball coach there at the time these charges were filed. Defendants Bixby and Newcomb had been employed as physical education instructors at Streamwood High School since 1977 and 1968 respectively. At the time they were suspended, Newcomb was head football coach and Bixby assistant varsity football coach and a track coach at the school.

The hearing officer rendered a decision for defendants, stating the school district had failed to prove defendants guilty of the charges against them by a preponderance of the evidence. He ordered defendants "restored to the same positions as, or to positions substantially similar to, the ones held by them prior to their suspension" and "made whole for all monies and other employment benefits lost as a result of their suspension." See generally Thurston, *Tenured Teacher Dismissal in Illinois, 1975-1979,* 69 Ill. B.J. 422 (1981).

Plaintiff thereafter filed a complaint in the circuit court of Kane County seeking administrative review of the hearing officer's order. (Ill. Rev. Stat. 1979, ch. 122, pars. 24—12, 24—16.) The circuit court affirmed the hearing officer's decision to reinstate defendants and directed that they each be reinstated with back pay to their tenured teaching positions. However, the trial judge determined that defendants' extracurricular coaching activities were not protected by the School Code and that any remedy they may have had regarding their coaching positions was thus outside the scope of administrative review. The court accordingly declined to compel the school district to reassign defendants to their coaching positions or direct reimbursement for lost coaching salaries.

Defendants contend the tenure provisions of the School Code require that upon being reinstated to their teaching positions the school board also was required to assign them to their former coaching positions or substantially similar ones. They suggest first that they were tenured as coaches and should have been reinstated to these tenured positions. Defendants also argue they were specifically hired as coaches and only incidentally as teachers and that therefore they were entitled to reassignment to teaching *and* coaching positions substantially similar to the ones they held prior to their suspension. Plaintiff maintains that defendants were not tenured as coaches. Plaintiff also contends the statute providing for reinstatement of previously suspended teachers requires the board to reassign each only to a substantially similar "position," but that the term "position" only includes "primary curricular" job descriptions and does not include extracurricular assignments such as coaching.

Plaintiff agrees that defendants were tenured in their teaching positions and that the statutory section governing the rights of tenured teachers to reinstatement following improper suspension applies in this case. Section 24—12 (Ill. Rev. Stat. 1979, ch. 122, par. 24—12) provides in pertinent part:

"If a decision of the hearing officer is adjudicated upon review or appeal in favor of the teacher, then the trial court shall order reinstatement and shall determine the amount for which the board is liable including but not limited to loss of income and costs incurred therein.

Any teacher who is reinstated by any hearing or adjudication brought under this Section shall be assigned by the board to a position substantially similar to the one which that teacher held prior to that teacher's suspension or dismissal."

(The second paragraph was enacted effective September 9, 1979.)

We initially consider whether defendants were tenured as both teachers and coaches such that their reinstatement as "teachers" under

section 24—12 would require the board to reassign them to substantially similar teaching *and* coaching positions.

■■■ The tenured-teacher reinstatement provisions and other sections of the School Code dealing with tenure do not make specific reference to coaching or other extracurricular assignments carried out by otherwise tenured teachers. The Code defines "teacher" in the following terms: "any or all school district employees regularly required to be certified under laws relating to the certification of teachers, * * *" (Ill. Rev. Stat. 1979, ch. 122, par. 24—11.) While athletic coaches might also be certified teachers of substantive school courses at the various instructional levels, plaintiff correctly notes that athletic coaches are not required to be certified by law as coaches. (See Ill. Rev. Stat. 1979, ch. 122, par. 21—2.) Where a tenured teacher is also serving in another position in the school, this court has stated the teacher does not acquire tenure in that other position under the Code but rather is tenured only as a certified employee of the school district. (*Newby v. Board of Education* (1977), 53 Ill. App. 3d 835, 837, 368 N.E.2d 1306, 1307 (teacher-guidance counselor); *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 280, 230 N.E.2d 893, 898 (teacher-superintendent); see also *Van Dyke v. Board of Education* (1969), 115 Ill. App. 2d 10, 254 N.E.2d 76 (teacher-principal).) We conclude defendants were not tenured under the Code as coaches and that therefore they were only tenured physical education "teachers" as that term is used in section 24—12.

Our conclusion is supported by authority in this State and other jurisdictions. (*Betebenner v. Board of Education* (1949), 336 Ill. App. 448, 84 N.E.2d 569; see also *State v. Smith* (Fla. App. 1962), 142 So. 2d 767; *Chiodo v. Board of Education* (1974), 298 Minn. 380, 215 N.W.2d 806; *Neal v. School District* (1980), 205 Neb. 558, 288 N.W.2d 725; *Goodwin v. Bennett County High School Independent School District* (1975), 88 S.D. 639, 226 N.W.2d 166; Annot., 94 A.L.R.3d 141, 158-59 (1979).) The court in *Betebenner* dealt with the question of the salary to be paid a reinstated teacher who had also been an athletic coach prior to his suspension. In holding the teacher was entitled only to remuneration for his back salary as a teacher, the court stated:

> "* * * Coaching athletics (as distinguished from physical education) is extra curricular duty and is not a subject upon which teachers are certified. In this case it was contracted for upon a basis separate from petitioner's teaching duties and a separate amount alloted for coaching duties. We do not interpret the Tenure Act to mean that contractual continued service status will attach to extra curricular services when they are contracted for separately, at a specified amount." (336 Ill. App. 448, 458, 84 N.E.2d 569, 573-74.)

We note *Betebenner* is factually distinguishable only in that here defendants seek reinstatement to their coaching positions, not merely their back pay.

Defendants rely heavily on *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 375 N.E.2d 157, where the court construed the terms "removed" and "dismissed" in section 24—12 to "encompass *any* reduction in the extent of employment." (59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 158.) Defendants contend they, too, had their employment reduced by being reassigned only to their teaching positions. *Caviness* does not support defendants' argument, however, as the court was there considering the status of a teacher who was employed to teach kindergarten for one-half day and physical education and art the rest of the day, but who was then relieved by the school district of the latter assignments without proper procedures having been followed. The court affirmed an order reinstating plaintiff to a full-time teaching position but stated its interpretation would not "be applied to a teacher's extracurricular duties or assignments, such as coaching sports activities, directing class plays, * * * or any other function not specifically encompassed within the teacher's primary curricular job description." 59 Ill. App. 3d 28, 31 n.1, 375 N.E.2d 158, 159 n.1.

■■ Based on the foregoing it appears defendants can prevail only if the amendatory language added effective September 9, 1979, requiring each of them to be reassigned "to a position substantially similar to the one which that teacher held prior to that teacher's suspension or dismissal" means defendants must now also be reassigned to those nontenured extracurricular positions they held under separate contracts. We conclude the General Assembly did not intend the construction advocated by defendants. Had the legislature intended to grant teachers the right to reassignment in their extracurricular positions, it could easily have chosen more specific language, not framed in singular terms of *a* position similar to the *one* which a teacher previously held. To hold otherwise would require an overly expansive reading of the statute in question. The teacher tenure provisions have been held to be in derogation of common law and must be strictly construed in favor of the school district. (*Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 130, 340 N.E.2d 7, 9; *Lingle v. Slifer* (1956), 8 Ill. App. 2d 489, 493, 131 N.E.2d 822, 825; *Biehn v. Tess* (1950), 340 Ill. App. 140, 148, 91 N.E.2d 160, 163.) We conclude the "position substantially similar" language of the statute does not compel plaintiff to reassign defendants to the athletic coaching duties held by them under separate employment contracts. These contracts and any right to recovery of damages under them were not before the trial court on administrative review, and we will not consider them further in this case.

Accordingly, the judgment of the circuit court of Kane County will be affirmed.

Affirmed.

SEIDENFELD, P. J., and REINHARD, J., concur.