PAUL F. BIRK, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF FLORA COMMUNITY UNIT SCHOOL DISTRICT NO. 35, CLAY COUNTY, Respondent-Appellee.

Fifth District   No. 5—83—0347

Opinion filed December 14, 1983.

Drach and Deffenbaugh, P.C., of Springfield, for appellant.

Robbins, Schwartz, Nicholas, Lifton and Taylor, Ltd., of Decatur (John T. Taylor, of counsel), for appellee.

JUSTICE KARNS delivered the opinion of the court:

Paul F. Birk, a tenured teacher, appeals from the dismissal by the circuit court of Clay County of his petition for a writ of *mandamus* directing the Board of Education of Flora Community Unit School District No. 35 (the Board) to reinstate him as a guidance counselor on a 10-month contract.

During the 1981-82 school year the Flora, Illinois High school had two guidance counselors working on 10-month contracts. Birk had worked for the district on this basis for more than 20 years. During 1982-83, Birk taught one period of physical education and worked in

guidance five periods a day. The second counselor, Nancy Clark, had originally been hired in 1969 on a nine-month contract as a classroom teacher, but she later shifted into guidance for two or three hours a day. Prior to the scheduling change in 1982, both Birk and Clark spent the tenth month of service in completing student registration, resolving scheduling conflicts, and counseling students.

On March 16, 1982, Birk was notified by the Board that his "ten month contractual continued service is reduced to nine month effective beginning the 1982-83 school year" because of a "reduction in staff resulting from declining enrollment." The Board's resolution authorizing this notice to Birk stated that his "present ten month contractual continued service shall terminate honorably at the close of the present school year." The record reveals no challenge to Birk's qualifications or competency as a guidance counselor. When the Board refused to honor his request that he be given the ten-month contract instead of Clark, Birk filed a petition for a writ of *mandamus* to compel the Board to reinstate him on a ten-month basis in place of Clark who had less seniority. He also asked for actual damages in the amount of lost wages due to the reduction of his contract.

Birk sought relief under section 24—12 of the School Code which provides that:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a professional faculty members' organization ***." (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.)

The Board contends that section 24—12 is not applicable because Birk

has not been dismissed or removed but only reduced to a nine-month status. The Board views the reduction as a reassignment permitted under section 24—11 which provides that tenure "shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill ***." (Ill. Rev. Stat. 1981, ch. 122, par. 24—11.) They therefore feel they may allocate the tenth month of guidance work without regard to the relative seniority of Birk and Clark.

▆ The issue is whether the "bumping" provisions of section 24—12 apply when a school board reduces a tenured teacher's contract from ten to nine months while retaining a less senior tenured teacher on a ten-month contract when both teachers are qualified to do the work required during the tenth month. We find that section 24—12 is applicable in such a case and the seniority of the teachers must be taken into account.

While it is beyond question that the Teacher Tenure Law must be strictly construed because it thrusts new liabilities upon school boards (*Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7), such construction must be consistent with the Teacher Tenure Law's primary purpose of protecting teachers who have tenure. (*Graham v. Board of Education* (1973), 15 Ill. App. 3d 1092, 305 N.E.2d 310.) We recognize that school boards have broad powers to arrange class schedules and to assign teachers according to their qualifications. However, such powers may not, even when exercised in good faith, "circumvent the purpose and spirit of the tenure laws." (*Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 994, 372 N.E.2d 990, *appeal after remand* (1980), 83 Ill. App. 3d 1097, 404 N.E.2d 899, *reversed on other grounds* (1981), 84 Ill. 2d 436, 420 N.E.2d 147.) The purpose of the tenure laws is to protect teachers from "political, partisan or capricious" board action. (*Donahoo v. Board of Education* (1952), 413 Ill. 422, 425, 109 N.E.2d 787, 789.) Where circumstances force a school board to retain only one of two teachers qualified for a position, section 24—12 requires that the tenured teacher be preferred over the untenured. Where the choice is between equally qualified tenured teacher, the senior teacher is to be preferred. Ill. Rev. Stat. 1981, ch. 122, par. 24—12.

The Board argues strongly that these protective principles cannot be activated in Birk's behalf because he is claiming tenure in a particular position. They are correct in pointing out that our courts have consistently held that a board may transfer a teacher from one position to another for which he is qualified and reduce his salary to a level comparable with that of other teachers in the second position.

(*Hicks v. Board of Education* (1979), 77 Ill. App. 3d 974, 397 N.E.2d 16; *People ex rel. Brown v. Board of Education* (1978), 66 Ill. App. 3d 169, 383 N.E.2d 711; *Newby v. Board of Education* (1977), 53 Ill. App. 3d 835, 368 N.E.2d 1306; *Lane v. Board of Education* (1976), 38 Ill. App. 3d 742, 348 N.E.2d 470; *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 230 N.E.2d 893.) But this is not a case in which the Board has transferred Birk to another position. He began his teaching service in Flora as a guidance counselor and continued in that position through 1982-83, a period of more than twenty years. With the exception of one class of physical education, his primary duties in 1982-83 were those related to guidance. What Birk experienced was a reduction in the number of months during which he was to carry out those duties. We believe the Board shared this view at the time they notified Birk that his ten-month contractual service was "reduced" to nine months.

Because we view the Board's action as a reduction in the extent of Birk's employment, we will follow the principle expressed in *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 375 N.E.2d 157. In that case a teacher was reduced to a part-time appointment which the Board there argued did not trigger the bumping privileges of section 24—12. Recognizing that section 24—12 did not refer to a reduction of employment, the court concluded nevertheless that the terms "removed" and "dismissed" encompassed "*any* reduction in the extent of employment. *** If this were [not] the case, a board could merely nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign." (*Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 158-59.) The Board wishes to distinguish *Caviness* from the present case because *Caviness* concerned a reduction from full-time to part-time status while Birk was reduced from a ten-month contract to a nine-month contract. We find nothing in section 24—12 which bases the degree of protection afforded a tenured teacher on the length of his contract. There is nothing in the reasoning of *Caviness* to support such a principle. If an experienced teacher is to be protected against "capricious, fickle and irregular exploits of school boards" (*Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 158), he must be protected in his employment even though his contract exceeds in length the contracts of others. We therefore find that section 24—12 is applicable to Birk's situation.

We reject the Board's assertion that the footnote in *Caviness* is dispositive of the issue in this case. The footnote indicates that:

"a mere change in position or status does not come within the

purview of 'removed' or 'dismissed.' (*Lane v. Board of Education of Fairbury-Cropsey Community School District No. 3* (1976), 38 Ill. App. 3d 742, 348 N.E.2d 470.) Nor, of course, would such interpretation be applied to a teacher's extracurricular duties or assignments, such as coaching sports activities, directing class plays, training debaters or other forensic students, etc.—or any other function not specifically encompassed within the teacher's primary curricular job description." (*Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 159.)

The change in status referred to in the footnote is the transfer of a principal to a teaching position with a reduction in contract length and salary. We have previously distinguished such a situation from the present case. We do not consider the duties to be performed during the tenth month of guidance on a par with coaching or training students but rather the natural culmination of the teacher's primary job as counselor. They do not, therefore, place Birk beyond the protection of section 24—12.

We are aware that a school board's best efforts to organize a program of instruction could be turned to chaos if teachers were permitted to claim the right to individual courses assigned to teaching positions they are not otherwise qualified to teach. For this reason, a dismissed tenured teacher has not been permitted to create a position for himself out of classes assigned to non-tenured teachers (*Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003, 428 N.E.2d 1126), or less senior teachers (*Hayes v. Board of Education* (1981), 103 Ill. App. 3d 498, 431 N.E.2d 690.) Nevertheless, reassignments made because of staff reductions must be scrutinized to see that tenure rights are protected. (*Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003, 428 N.E.2d 1126.) When a tenured teacher was reduced to part-time status and the courses he had previously taught were assigned to a less senior teacher who also taught other unrelated courses, the senior teacher was deemed "entitled under section 24—12 to have been assigned those classes" he had previously taught. The court believed that "the good faith rearrangement of assignments [by the Board] operated to 'circumvent the purpose and spirit of the tenure laws.'" *Hayes v. Board of Education* (1981), 103 Ill. App. 3d 498, 502, 431 N.E.2d 690, 693.

We recently noted with approval the reasoning of *Peters v. Board of Education* (1982), 106 Ill. App. 3d 77, 435 N.E.2d 814, which determined "that teachers with district seniority have a right to insist upon the 'horizontal realignment of course assignments' to maintain

their full-time teaching status where such realignment would not jeopardize the rights of other faculty members." (*Wilfong v. Collinsville Community Unit School District No. 10* (1982), 107 Ill. App. 3d 930, 934, 438 N.E.2d 225, 228.) This conclusion grew out of that court's conviction that "[w]here *** it can be demonstrated that courses in the particular discipline are freely interchangeable between the various faculty members, it is palpably arbitrary and capricious for the school board to assign courses so as to require dismissal of faculty" unnecessarily. (*Peters v. Board of Education* (1982), 106 Ill. App. 3d 77, 81, 435 N.E.2d 814, 817.) We understand that circumstances in the Flora school district may not permit both Birk and Clark to continue teaching on an equal footing as was possible in *Peters*. Nevertheless, we think that where it appears Birk and Clark are equally competent to perform the guidance duties during the tenth month, Birk is entitled to insist on the horizontal realignment in his favor. Such a resolution comports with the spirit of the tenure law which favors the senior teacher.

A claim for back salary may be properly brought as part of the action for a writ of *mandamus* seeking reinstatement. (*Walter v. Board of Education* (1982), 93 Ill. 2d 101, 442 N.E.2d 870.) The measure of damages is the amount the teacher would have earned had he not been improperly dismissed. *Board of Education v. Metskas* (1982), 106 Ill. App. 3d 943, 436 N.E.2d 587.

For the foregoing reasons, the judgment of the Clay County circuit court is reversed and remanded with directions to issue the writ of *mandamus* and to determine the amount of damages to which Birk is entitled.

Reversed and remanded with directions.

WELCH, P.J., and HARRISON, J., concur.