(No. 59619

PAUL F. BIRK, Appellee, v. THE BOARD OF EDUCATION OF FLORA COMMUNITY UNIT SCHOOL DISTRICT NO. 35, CLAY COUNTY, ILLINOIS, Appellant.

*Opinion filed November 30, 1984.*

MORAN, J., RYAN, C.J., and UNDERWOOD, J., dissenting.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Decatur (John T. Taylor and Thomas E. Little, of counsel), for appellant.

Drach & Defenbaugh, P.C., of Springfield, for appellee.

PER CURIAM: Plaintiff, Paul F. Birk, a tenured teacher, filed a petition for a writ of *mandamus* in the circuit court of Clay County, seeking an order upon the board of education of Flora Community Unit School District No. 35 (the board) to reinstate him as a guidance counselor under a 10-month contract. Plaintiff also sought actual damages in the amount of lost wages due to the reduction of his contract from 10 months to 9 months. The circuit court dismissed plaintiff's petition and he appealed. The appellate court reversed, finding that section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12) prohibited reduction of plaintiff's extended-term contract while a guidance counselor with less seniority than plaintiff was allowed to retain a 10-month position. The cause was then remanded with directions to determine the amount of damages and to issue a writ of *mandamus*. (120 Ill. App. 3d 181.) We granted the board's petition for leave to appeal (87 Ill. 2d R. 315).

The facts are not in dispute. Plaintiff was originally

employed by the board as a guidance counselor in 1961. The contract under which he was hired provided for a 10-month term of employment as opposed to the standard contract length of 9 months. Plaintiff's contract was renewed on this basis for 20 years.

During the 1981-82 school year, plaintiff worked in a Flora high school with another guidance counselor, Nancy Clark. She had originally been hired in 1969 on a nine-month contract as a classroom teacher. Sometime, thereafter, she was transferred into guidance and given a 10-month contract. In the 1981-82 school year, both plaintiff and Clark worked full time in guidance. They spent the 10th month of service completing student registration, resolving scheduling conflicts, and counseling students.

On March 16, 1982, plaintiff was notified by the board that his "ten month contractual continued service [was] reduced to nine month[s] effective beginning the 1982-83 school year." The board's resolution authorizing this notice to him stated that his contract had been "honorably reduced" due to a reduction in staff resulting from declining enrollment.

In a letter to the board, dated September 12, 1982, plaintiff requested that the board reinstate him on a 10-month basis in place of Clark, who had less seniority. The board considered plaintiff's request but voted against it. Thereafter, he filed his petition for *mandamus*.

There is one issue: Must the board consider seniority status of tenured teachers when reducing a teacher's contract from 10 months to 9 months?

The outcome of this appeal turns on whether the seniority privileges contained in section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12) apply when a tenured teacher's extended-term contract is reduced to the standard contract length of nine months.

Section 24—12 provides:

> "If a teacher in contractual continued service is *removed* or *dismissed* as a result of a decision of the board to decrease the number of teachers employed \*\*\* the board shall first remove or dismiss all teachers who have not entered upon contractual continued service \*\*\*. As between teachers who have entered upon contractual continued service, *the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first* \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 122, par. 24—12.

In the instant case, the appellate court, relying upon *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, found that the terms "removed" and "dismissed" in section 24—12 were broad enough to encompass "*any* reduction" in the extent of a teacher's employment. (120 Ill. App. 3d 181, 184.) As such, these terms did not limit the applicability of section 24—12 to instances of complete termination. Rather, the appellate court held that the protection of this section applied to plaintiff, who was, therefore, entitled to the 10th month of employment based upon seniority.

The board asserts that the appellate court read *Caviness* too broadly. It claims that *Caviness* should be limited to its facts. In that case, a tenured teacher was reduced from full-time employment to a half-time teaching position, while two nontenured teachers occupied full-time positions which the tenured teacher was qualified to fill. On appeal the board argued that Caviness was not entitled to seniority privilege, as she had not been removed or dismissed within the meaning of section 24—12. The court held that the seniority provisions of that section apply when a teaching contract is reduced, as well as when a teacher is dismissed, because to hold otherwise would allow school boards to undermine the protections afforded experienced teachers under the School

Code. We find this reasoning to be persuasive.

While the board agrees that a reduction to less than a full-time schedule would constitute a removal or dismissal under section 24—12, it argues that the reduction of an extended-term contract to full time should not trigger these same protections. However, we agree with the appellate court, which found "nothing in section 24—12 which bases the degree of protection afforded a tenured teacher on the length of his contract." 120 Ill. App. 3d 181, 184.

The primary purpose of the tenure provisions of the School Code is to give tenured teachers priority over nontenured teachers (*Bilek v. Board of Education* (1978), 61 Ill. App. 3d 323, 326), and, as between tenured teachers, to give priority to those with the longer length of continuing service (Ill. Rev. Stat. 1981, ch. 122, par. 24—12). These objectives are no less important when a teacher's contract is reduced from 10 months to 9 months than they are when a teacher's contract is reduced from full time to part time. The legislature's goal in creating teacher tenure was to assure continuous service on the part of teachers of ability and experience by providing those teachers with some degree of job security. (*Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 344; *Lenard v. Board of Education* (1979), 74 Ill. 2d 260, 268.) Thus, a tenured teacher is entitled to a reading of section 24—12 which is consistent with its prime purpose of protecting those who have qualified for its protections. (*Graham v. Board of Education* (1973), 15 Ill. App. 3d 1092, 1096.) Accordingly, we reject the board's attempt to limit the protections afforded tenured teachers, under section 24—12, on the basis that plaintiff's contract was for an extended term.

Further, we are not persuaded by the board's effort to liken the 10th month of service involved here to extracurricular activities, which, according to the board,

are not protected by section 24—12. (See *School Directors v. Kossoff* (1981), 95 Ill. App. 3d 26, 29-30; *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31 n.1.) For unlike the extracurricular activities mentioned in the cases cited by the board (coaching, directing class plays, training debaters), the 10th month of service involved herein is part of plaintiff's primary responsibility as a guidance counselor. During this 10th month of service, guidance counselors develop the schedule for the ensuing year. Since this work is begun in the spring and only completed during the 10th month, we fail to see how the board can characterize the additional month of work as an extracurricular activity.

Nor are we inclined to view the reduction in plaintiff's contract as a reassignment permissible under section 24—11 of the School Code, as the board suggests. That section provides that tenure "shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill \*\*\*." (Ill. Rev. Stat. 1981, ch. 122, par. 24—11.) In the present case, plaintiff has not been transferred to a different position but has been maintained in his position as guidance counselor under a reduced term in his contract. As such, the board's authority to transfer tenured teachers is not an issue in this appeal. Consequently, the cases cited by the board are inapposite, as they involved the transfer of personnel from one position to another. (See *Newby v. Board of Education* (1977), 53 Ill. App. 3d 835 (wherein a guidance counselor was transferred to a position as a second-grade teacher); *Lane v. Board of Education* (1976), 38 Ill. App. 3d 742 (wherein a principal was reassigned to a teaching position); and *Van Dyke v. Board of Education* (1969), 115 Ill. App. 2d 10 (wherein a principal was transferred to a position as a classroom teacher).) It should also be noted that the plaintiffs in the above cited cases claimed to have a property interest in a particular

position. No such claim is made by plaintiff here.

In the instant case, plaintiff argues only that he has a statutory right to the 10th month of service under the provisions of section 24—12. In keeping with the primary purpose of the tenure provisions of the School Code, we hold that the reduction of plaintiff's contract entitled him to the protections of that section.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE MORAN, dissenting:

The majority correctly notes that the outcome of this appeal hinges on the applicability of section 24—12 of the School Code to the facts of the case at bar. Because I do not believe that the seniority privileges contained in that section apply when a tenured teacher's *extended* term contract is reduced to the standard contract length of nine months, I respectfully dissent.

The protections of section 24—12 are triggered upon the *removal* or *dismissal* of a tenured teacher. Where tenured teachers are removed or dismissed, as a result of a decision of the board to decrease the number of teachers employed, the code provides that the board shall dismiss such teachers according to inverse seniority. (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.) While I would not limit the applicability of this section to instances of complete termination, I am hesitant to extend the protections of section 24—12 to this plaintiff, who has been retained in a full-time teaching position despite the reduction of his contract.

The majority is persuaded by the reasoning of *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28. In that case, however, a tenured teacher was reduced from full-time employment to a half-time teaching position. Although the court there stated that *any* reduction in the

extent of a teacher's employment would trigger the protections of section 24—12 (59 Ill. App. 3d 28, 31), this statement must be interpreted within the factual context of that case. As this court has stated in the past, the words of a judicial opinion do not have vitality independent of the facts to which the opinion is addressed. (*People v. Arndt* (1971), 49 Ill. 2d 530, 533; *People v. Morales* (1971), 48 Ill. 2d 396, 400.) Therefore, I would interpret *Caviness* to require the board to comply with the provisions of section 24—12 whenever it reduces a tenured teacher to less than a full-time schedule.

Accordingly, I believe the majority erred in extending the reasoning of *Caviness* to the instant case. For although sound policy considerations favor including a reduction of employment to less than full time under the provisions of section 24—12, those same considerations are not present when an extended-term contract is reduced by the board to full time. As long as a teacher's full-time contract is protected by the provisions of section 24—12, a school board cannot circumvent the purpose of the tenure laws by reducing a teacher's contract to the point where economic necessity would force the tenured teacher to resign. Thus, by holding that a tenured teacher's right to full-time employment is all that is protected by section 24—12, the court could have protected the rights of tenured teachers without unduly limiting the board's discretion.

Instead, the majority's holding stretches the plain meaning of the statutory terms "removed" or "dismissed" beyond recognition. Quite simply, a teacher who is employed full time by the board cannot be said to have been "dismissed" within the meaning of section 24—12.

Moreover, such an interpretation also conflicts with past decisions which have held that the statutes governing teacher tenure create liabilities where none would otherwise exist, and must, therefore, be strictly con-

strued in favor of the board. *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 344; *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 130; *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 280.

For the foregoing reasons I would reverse the judgment of the appellate court.

RYAN, C.J., and UNDERWOOD, J., join in this dissent.