EILEEN SANDRA WILLIAMS, Plaintiff-Appellant, v. BOARD OF EDUCATION OF HARDIN COUNTY COMMUNITY UNIT SCHOOL DISTRICT NO. 1, HARDIN COUNTY, Defendant-Appellee.

Fifth District   No. 5—87—0187

Opinion filed February 11, 1988.

Drach & Deffenbaugh, P.C., of Springfield, for appellant.

D. Kendall Griffith, John I. Schaberg, and Kathryn A. Spalding, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and Michael A. Loizzi, Jr., S. Bennet Rodick, and Robert A. Kohn, all of Gottlieb & Schwartz, both of Chicago, and James W. Sanders & Associates, of Marion (James W. Sanders, of counsel), for appellee.

JUSTICE CALVO delivered the opinion of the court:

Plaintiff, Eileen Sandra Williams, has perfected this appeal from the dismissal of her complaint for declaratory judgment against defendant, Board of Education of Hardin County Community Unit School District No. 1. The facts as alleged in the complaint are as follows.

Plaintiff, a certified teacher, was employed by defendant as a full-time teacher during the 1980-81 and 1981-82 school terms. On March 25, 1982, defendant informed plaintiff that her probationary status was being extended for another year because of weak discipline, poor working relationship with administrators, and poor attitude toward work assignments. She was told how she could rectify these problems during her third probationary year. (Ill. Rev. Stat. 1981, ch. 122, par. 24—11.) Plaintiff taught full time for the entire 1982-83 school year.

On March 24, 1983, defendant notified plaintiff that she was being reduced to a half-time position for the following school year because "your full-time teaching service is no longer needed due to the number of students to be enrolled in the Art Program." Although it is unclear when plaintiff accepted a half-time position, her July 1, 1983, request for a full-time position was denied. Plaintiff taught half time during the 1983-84 school year even though a first-year certified teacher was hired to teach art four-sevenths time. During the 1984-85 school year plaintiff once again taught part time while another nontenured employee taught art part time. Although plaintiff was qualified to teach art, it is unclear what plaintiff taught during the 1983-84 and 1984-85 school years.

On March 21, 1985, defendant notified plaintiff that she was not going to be reemployed for the 1985-86 school year. On September 9, 1986, plaintiff filed a complaint against defendant seeking declaratory relief. Specifically, plaintiff alleged that she became a tenured teacher for the 1983-84 school year because the March 24, 1983, notification

that she was to be reduced to part-time status did not constitute a notice of dismissal. Consequently, plaintiff alleged that she is entitled to back pay and reinstatement. The circuit court found that the March 24, 1983, notification constituted a proper notice of dismissal to plaintiff and dismissed plaintiff's complaint. Plaintiff appeals from this ruling, putting forth the same arguments which were unsuccessful before the circuit court.

Because we can find no Illinois case which specifically addresses the instant factual scenario, we are confronted with an issue of first impression: whether a teacher who has served her entire probationary period can be dismissed merely by being notified that she will be hired to teach the following year on a part-time basis.

Section 24—11 of the School Code provides in pertinent part:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. For the purpose of determining contractual continued service, the first probationary year shall be any full time employment from a date before November 1 through the end of the school year. If, however, a teacher has not had one school term of full-time teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above. Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation.

Any full-time teacher who is completing the first year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be reemployed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner.

\*\*\*

Contractual continued service shall continue in effect the terms and provisions of the contract with the teacher during the last school term of the probationary period, subject to this Act and the lawful regulations of the employing board." (Ill. Rev. Stat. 1983, ch. 122, par. 24—11.)

In *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 423 N.E.2d 903, a teacher who was completing her second probationary year (1975-76) was notified by the school board of her dismissal pursuant to the above statute. Shortly thereafter, the teacher accepted the board's offer of part-time employment for the 1976-77 school year. After teaching part time for a year, the teacher was rehired to teach full time during the 1977-78 school year. Within 60 days of the end of the 1977-78 school year, the teacher was told that she would not be reemployed for the 1978-79 school year. The teacher thereafter sought a declaratory judgment against the school board, alleging that she attained tenure rights when she accepted part-time employment for the 1976-77 school year.

Our supreme court held that on these facts the teacher had not attained tenure. In doing so, the court noted:

"Even if employment in the term immediately following the two probationary terms were to be sufficient alone, despite appropriate notice, to confer tenure rights, such employment would need to be on conditions equal to those of the employment during the last term of the probationary period, that is, employment on a full-time basis." 85 Ill. 2d at 346, 423 N.E.2d at 907.

Relying upon the above reasoning, the defendant argues that the offer of part-time employment to a teacher who has fulfilled her entire probationary term constitutes a notice of dismissal. However, the teacher in *Johnson* was in fact dismissed from full-time employment prior to being offered part-time employment. Since the instant plaintiff was not dismissed but was in fact rehired, though for a reduced teaching load, this case is distinguishable from *Johnson*. Moreover, it is logical that a teacher who is formally dismissed from employment like the teacher in *Johnson* would have to affirmatively show reemployment on a full-time basis to establish tenure rights.

■ While it is true that any reduction in the extent of employment amounts to a "removal" or "dismissal" for purposes of invoking the provisions which protect the rights of tenured teachers (Ill. Rev. Stat. 1983, ch. 122, par. 24—12; *Birk v. Board of Education* (1984), 104 Ill. 2d 252, 256-57, 472 N.E.2d 407, 408-09), the analogy defendant attempts to draw between section 24—12 and section 24—11 is without

merit. The purpose of the tenure law is to assure teachers of ability and experience a continuous service, with rehiring based upon merit instead of partisan, political or capricious reasons. (*Donahoo v. Board of Education* (1952), 413 Ill. 422, 425, 109 N.E.2d 787, 789.) In the case of tenured teachers, "removal" or "dismissal" must be interpreted broadly so that their rights are protected from the whim of the school board. (See *Birk*, 104 Ill. 2d at 256-57, 472 N.E.2d at 408-09.) Since probationary teachers have no tenure rights to protect, the rationale for reading a broad meaning into the term "dismissal" is not present under section 24—11 as it is under section 24—12. Moreover, the mode of dismissing or removing probationary teachers from their positions is a matter expressly regulated by statute which must be substantially followed if a dismissal is to be valid and effective. (Ill. Rev. Stat. 1983, ch. 122, par. 24—11; *People ex rel. Head v. Board of Education* (1981), 95 Ill. App. 3d 78, 81, 419 N.E.2d 505, 507.) We must therefore determine whether the instant reduction of plaintiff's teaching load substantially complied with the notice of dismissal mandated by section 24—11.

■ While the teacher-tenure statute (Ill. Rev. Stat. 1983, ch. 122, par. 24—11) specifically requires that probationary service be full time, there is no corresponding requirement that tenure, or "contractual continued service" as it is called, be full time. Tenured service is to be under the same "terms and provisions" as the last term of the probationary period, but nothing in the statute indicates that the teaching load is to be identical. (See *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 349, 423 N.E.2d 903, 908 (Simon, J., dissenting).) Since the continued hiring of a teacher, even with a reduced teaching load, is a favorable comment on the teacher's performance where, as here, a teacher is rehired to a reduced teaching load for reasons unrelated to teaching performance (85 Ill. 2d at 350, 423 N.E.2d at 909 (Simon, J., dissenting)), we conclude that the reduction of plaintiff's teaching load did not substantially comply with the notice of dismissal mandated by statute. Accordingly, plaintiff attained continued contractual service prior to the 1983-84 school year.

The judgment of the circuit court is reversed, with the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARRISON, P.J., and LEWIS, J., concur.