JAMES DUNCAN, Plaintiff-Appellant, v. BOARD OF EDUCATION OF UNITED TOWNSHIP HIGH SCHOOL DISTRICT NO. 30, Defendant-Appellee.

Third District No. 3—88—0081

Opinion filed December 28, 1988.

HEIPLE, J., dissenting.

Drach & Deffenbaugh, P.C., of Springfield (Ralph H. Loewenstein, of counsel), for appellant.

James C. Franczek, Jr., of Vedder, Price, Kaufman & Kammholz, of Chicago (Andrea R. Waintroob, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

On August 6, 1987, plaintiff, James Duncan, filed a petition for writ of *mandamus* and complaint for declaratory judgment against defendant, Board of Education of United Township High School District No. 30, in the circuit court of Rock Island County, Illinois. Defendant, the Board of Education of United Township High School, filed a motion to dismiss portions of the complaint and prayer for relief and, in the alternative, a motion for summary judgment. Plaintiff then filed an opposition to the motion together with supporting affidavits and exhibits. On January 13, 1988, after a hearing on the motions, the trial court granted defendant's alternative request for summary judgment by order dated January 13, 1988. Plaintiff appeals from the January 13 order.

Plaintiff, a certified teacher, has been continually employed as a teacher by defendant since the 1964-65 school year. Also, from 1964 through 1987, plaintiff was the director of the driver's education program during the regular school term and coordinator of the summer

driver's education program. Plaintiff was paid an additional one-ninth of his salary to head the summer driver's education program and stated by affidavit that he performed the following duties:

"Finding teachers to teach drivers education during the summer school; assigning teachers according to a seniority list of those who had previously taught drivers education during the regular school term and summer school; assigning students to various instructors during summer school; filling out various and sundry records showing that students had taken and/or completed behind-the-wheel drivers education courses and submitting said records to the State of Illinois; and notifying students when certificates showing completion of drivers education programs had been received from the State of Illinois."

Defendant, through the affidavit of the current superintendent, disagreed somewhat with plaintiff's affidavit by indicating that plaintiff "assigned students and faculty to the program, evaluated faculty and effectively recommended faculty for employment or termination." Attached to the superintendent's affidavit were five memoranda prepared by plaintiff in the course of his duties as director of the summer program. These memos, of various dates in April, May and June of 1987, illustrate the administrative nature of plaintiff's position, basically discussing plaintiff's authority regarding the staffing of summer driver's education teachers.

On May 8, 1987, less than 60 days prior to the end of the 1986-87 school term, plaintiff received notice from defendant that his contract for coordinating the summer driver's education program would not be renewed for the 1987-88 school term and that his contract and salary would be reduced from 10 months to 9 months. It is undisputed that plaintiff's summer coordinator duties were transferred to another summer administrator with less seniority than plaintiff but at no additional pay.

The procedural issue before this court is whether the trial court erred in granting defendant's alternative request for summary judgment. In deciding this issue, the following substantive issues are presented for review: (1) whether plaintiff's duties as summer coordinator of the driver's education program were administrative in nature; (2) if plaintiff's duties as summer coordinator were administrative in nature, whether his summer administrative position was nonetheless encompassed within the protections afforded a teacher under section 24—12 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—12); and (3) whether plaintiff is precluded from arguing whether administrative positions are covered by section 24—12 of the School Code on

appeal because he failed to make that argument at the trial level.

Section 24—12 of the School Code provides in relevant part:

> "Sec. 24—12. Removal or dismissal of teachers in contractual continued service. If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by certified mail return receipt requested at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reasons therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a professional faculty members' organization and except that this provision shall not impair the operation of any affirmative action program in the district, regardless of whether it exists by operation of law or is conducted on a voluntary basis by the board." Ill. Rev. Stat. 1987, ch. 122, par. 24—12.

■ It is clear from the pleadings, affidavits and arguments of counsel that plaintiff's duties are administrative in nature, and we therefore agree with the trial court's finding in this regard. It is equally clear that defendant failed to give adequate notice under section 24—12 of the School Code since plaintiff is a teacher under contractual continued service as defined by section 24—11 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—11). The problematic question is whether administrative positions are nonetheless protected by the notice provisions of section 24—12.

In *McNely v. Board of Education of Community Unit School District No. 7* (1956), 9 Ill. 2d 143, 137 N.E.2d 63, the Illinois Supreme Court was faced with interpreting section 24—3 of the School Code (Ill. Rev. Stat. 1949, ch. 122, par. 25—3), the predecessor to section 24—12 of the current School Code, regarding notice of the removal or dismissal of teachers in continued contractual service. The court held

that a superintendent of a school district was a teacher for purposes of receiving 60 days notice of dismissal under section 24—3. Section 24—3 of the previous School Code is, for purposes here, substantially similar to the present section 24—12 of the School Code. The reasoning behind the court's decision was that superintendents, as well as teachers, were required to be certified under the School Code and teachers as defined under the Code are any or all school district employees certified under the laws relating to the certification of teachers. (*McNely*, 9 Ill. 2d at 147, 137 N.E.2d at 66.) Moreover, "[t]enure was designed for such educational personnel but not for clerical employees, janitors, custodians, maintenance men, etc." *McNely*, 9 Ill. 2d at 148, 137 N.E.2d at 66.

In *Koerner v. Joppa Community High School District No. 21* (1986), 143 Ill. App. 3d 162, 492 N.E.2d 1017, plaintiff had been employed on an annual basis as a superintendent of defendant school district for more than five consecutive years. During this time plaintiff also maintained his teacher's certificate. Defendant took measures to discharge plaintiff but failed to provide 60 days' notice as required under section 24—12 of the School Code. Plaintiff then brought suit to establish that he had a valid contract of employment as a teacher in that he had been employed on contractual continued service basis and was therefore entitled to 60 days' notice under section 24—12. The central issue in *Koerner* focused on what was to be considered the end of the school term for calculating the 60-day time period. Nonetheless, in reaching that issue, the court determined that plaintiff, although acting as a superintendent, was a teacher and entitled to receive 60 days' notice before being discharged. *Koerner*, 143 Ill. App. 3d at 167, 492 N.E.2d at 1020.

■ Defendant asserts that plaintiff's summer coordinating duties are administrative in nature and, thus, not protected by section 24—12. Our review of the cases cited by defendant as authority, however, reveals that each of those cases concerned an administrator being transferred to a teaching position with a possible reduction in pay. (See *Hicks v. Board of Education for School District 189* (1979), 77 Ill. App. 3d 974, 397 N.E.2d 16; *Lane v. Board of Education of Fairbury-Cropsey Community Unit School District No. 3* (1976), 38 Ill. App. 3d 742, 348 N.E.2d 470; *Van Dyke v. Board of Education of School District No. 57* (1969), 115 Ill. App. 2d 10, 254 N.E.2d 767.) The court in each of those respective cases was interpreting a school district's authority to transfer teachers to different positions under section 24—11 of the School Code and are not determinative for resolution of the present case.

Defendant further argues, however, that regardless of whether section 24—12 encompasses administrators as well as actual classroom teachers, section 24—12 does not provide protection in the present case since plaintiff was not removed or dismissed, merely reduced from a 10-month to a 9-month salary. We disagree. In *Birk v. Board of Education of Flora Community Unit School District No. 35* (1984), 104 Ill. 2d 252, 472 N.E.2d 407, the court held that a tenured guidance counselor was entitled to the protection of section 24—12 when his 10-month contract was reduced to nine months while a guidance counselor with less seniority was allowed to retain a 10-month contract. (*Birk*, 104 Ill. 2d at 254-59, 472 N.E.2d at 409.) Defendant's proposed distinction between the reduction of an administrative position in the present case and the reduction of a guidance counseling position in *Birk* is not logical in that the School Code treats both positions the same for discharge purposes under section 24—12. We further find no justification for distinguishing *Birk* on the basis that the coordinator of summer driver's education duties was transferred to another administrator for no additional pay in that the effect on plaintiff, *i.e.*, the reduction in pay and the impact to job security, is the same regardless of whether the new coordinator received compensation. Furthermore, the record indicates that the person to whom the responsibilities were assigned had less seniority than did plaintiff. Therefore, section 24—12 may apply to plaintiff's dismissal as coordinator of the summer driver's education program in this regard as well.

In light of the preceding authorities, it is clear that section 24—12 does not apply and defendant was required to give plaintiff 60 days' notice prior to the end of the school term in order to legally dismiss him as coordinator of the summer driver's education program.

 ■ Finally, defendant maintains that plaintiff is barred from arguing on appeal that even if his position is administrative, he nonetheless should be protected under section 24—12. We agree that a basic rule of appellate advocacy is that the theory upon which a case is tried at the trial level cannot be changed on review. (*Cosentino v. Price* (1985), 136 Ill. App. 3d 490, 494, 483 N.E.2d 297, 300.) Nonetheless, summary judgments are to be "rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Summary judgment will not be reversed on appeal absent an abuse by the trial court such that plaintiff's right to fundamental justice is violated. (*Linden-*

*mier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201; *Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360, 493 N.E.2d 372.) The underlying issue in this case is whether plaintiff was entitled to notice under section 24—12 of the School Code prior to having his contract reduced from 10 to 9 months. That issue is presented for review and, therefore, we hold that defendant was not entitled to judgment as a matter of law. Plaintiff's fundamental right to justice would be violated if we were to ignore his statutory right to receive notice under section 24—12 of the School Code.

Accordingly, the order of the trial court granting defendant's alternative motion for summary judgment is reversed and the cause remanded for further hearing.

Reversed and remanded.

STOUDER, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The majority's determination that the plaintiff's summer duties were administrative in nature is correct. It is not correct, however, that the 60-day notice requirement of section 24—12 should be extended to apply to the facts of this case.

In the instant case, the plaintiff has been continually employed as a classroom instructor by the defendant since the 1964-65 school year. Additionally, during the summer the plaintiff has been in charge of administering the district's summer driver's education program. The fault with the majority holding is its failure to recognize the difference between the plaintiff's two distinct positions and why this factual situation makes the decision in *Birk v. Board of Education* (1984), 104 Ill. 2d 252, inapplicable.

In *Birk*, the Illinois Supreme Court held that the school board was bound to consider seniority status of tenured teachers when reducing the teacher's contract from 10 months to 9 months. Thus, the court found that the protections afforded tenured teachers under section 24—12 should be applied when reductions are made in their employment contract. The *Birk* court specifically found that the tenth month of service which was being terminated was part of the plaintiff's primary responsibility as a guidance counselor. The *Birk* court followed the reasoning of *Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 31 n.1, which stated that section 24—12 does not apply to reductions in "function[s] not specifically encompassed within

the teacher's primary curricular job description."

In the case at bar, the plaintiff's duties as administrator of the summer driver's education program were separate and distinct from his primary responsibilities as a classroom instructor during the school year. During the summer the plaintiff's duties included hiring summer driving instructors, assigning students to various instructors, and filling out administrative paper work. These functions were not part of the plaintiff's "primary curricular job description" as a classroom instructor. Heading up the summer driver's education program was merely a summer job and not an extension of the plaintiff's classroom duties. Consequently, the protections afforded under section 24—12, including the 60-day notice requirement, should not be granted to the plaintiff in the present case as they were to the plaintiff in *Birk*. This distinction is not based on the determination of whether the plaintiff's duties were administrative or teacher oriented. In either case, the section 24—12 requirements should not be extended unless the employment reduction was related to the employee's primary job responsibilities.

Moreover, the majority holding misinterprets the thrust of the tenure provisions of the School Code. These provisions were intended to protect experienced and veteran teachers against capricious, fickle and irregular exploits of school boards. (*Relph v. Board of Education* (1977), 51 Ill. App. 3d 1036.) It was not intended to obstruct school boards from making reasonable judgments with regards to summer job positions. Here, the plaintiff's duties with respect to summer driver's education were reassigned to another administrator, who was to receive no additional compensation for assuming those duties. The School Board was simply trying to save money. The notice requirement of section 24—12 only applies to a reduction or termination of services which are part of the teacher's or administrator's primary job responsibilities. This was not the situation in the present case. Accordingly, I dissent.