DOROTHY HARTLEY, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF CERRO GORDO COMMUNITY UNIT SCHOOL DISTRICT NO. 100 OF MACON, PIATT AND MOULTRIE COUNTIES, Respondent-Appellee.

Fourth District    No. 14980

Opinion filed December 29, 1978.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

When does "1 calendar year" under the School Code begin?

The trial court said it starts to run at the *end* of the school term.

We agree.

We affirm.

Dorothy Hartley was employed by the respondent, Board of Education of Cerro Gordo Community Unit School District 100, as a full-time teacher in contractual continued service during the 1975-76 school term and held an elementary teaching certificate entitling her to teach grades K through 9. On March 25, 1976, the Board notified Hartley that she was being honorably dismissed "effective immediately preceding the

close of the present school term" because her position was being eliminated due to a decrease in the number of school teachers. (The 1975-76 school term ended on May 31, 1976.)

On August 3, 1977, the respondent Board hired two new teachers to teach first and second grades with their employment commencing on August 26, 1977, which was the beginning of the 1977-78 term. Hartley filed a petition for writ of mandamus and a complaint for a declaratory judgment in the circuit court on December 5, 1977, asking that she be reinstated to her teaching position and be granted back pay. After a hearing, the circuit court dismissed the petition.

On appeal, Dorothy Hartley claims she is entitled to reinstatement under section 24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) to a teaching position one year and two months after the effective date of her dismissal. Her honorable dismissal was in accordance with section 24—12 of the School Code which reads in pertinent part as follows:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. If the board within 1 calendar year thereafter increases the number of teachers or reinstates the position so discontinued, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions." Ill. Rev. Stat. 1975, ch. 122, par. 24—12.

Section 24—12 provides an honorably dismissed tenured teacher with preferential rights in rehiring for "1 calendar year." Hartley claims the year extends from the beginning of the school term following the notice of dismissal to the beginning of the school term the next year. By this test—following her March 15, 1976, dismissal—Hartley would have had a preferential right to be rehired to August 26, 1977. On the other hand, the Board of Education argues another standard: The year began at the end of the school term which would have given Hartley protection through May, 1977.

Thus, the issue is reduced simply to this—when does "1 calendar year" commence?

■■ According to section 24—12, the preferential rehiring becomes operative if the board increases the number of teachers or reinstates the discontinued position "1 calendar year thereafter." Apparently, "thereafter" refers to the time of the removal or dismissal of a teacher. In reading the statute as a whole, one finds the emphasis is on the dismissal of teachers with the end of the school term being the key point in time. Nowhere, however, is there any suggestion that "1 calendar year" is intended to commence on the first day of the following school term.

Hartley alleges that the Board's interpretation of this statute would provide numerous opportunities to evade the legislature's intention to protect tenured teachers. However, the legislature only provided tenured teachers differential rehiring for one year. Hartley's reading of the statute would substantially protect her rights for *two* years since no one other than the previously dismissed teacher could be hired until after the school term commenced the second year. Proper administration of a school and plain sense would dictate that a vacant position be filled long before this date.

■■ Hartley also notes that teachers are paid and receive benefits on a 12-month basis with their contracts expiring the day before the new school term begins. She asserts that the year-round nature of the contract further indicates that the contract expiration date is the day from which the "1 calendar year" should be computed. The legislature, of course, could have easily provided that such a date be the basis for computation. Yet it did not do so. Consequently, we hold the statutory meaning to be clear and affirm the trial court's judgment.

Affirmed.

GREEN and TRAPP, JJ., concur.