BONNIE BALLARD, Plaintiff-Appellant, v. BOARD OF EDUCATION OF ROCK ISLAND SCHOOL DISTRICT NO. 41, ROCK ISLAND COUNTY, Defendant-Appellee.

Third District   No. 3—85—0160

Opinion filed February 14, 1986.—Rehearing denied March 21, 1986.

25

HEIPLE, P.J., dissenting.

R. W. Deffenbaugh, of Drach & Deffenbaugh, P.C., of Springfield, for appellant.

Richard M. Batcher, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Bonnie Ballard, was a tenured teacher employed full time by the defendant board of education during the 1982-1983 school term. On March 15, 1983, the plaintiff received a notice of honorable dismissal which indicated that her position was being terminated at the end of the 1982-1983 school term. On or about July 19, 1983, the defendant district employed the plaintiff in a part-time or two-fifths

position teaching both typing and general business. She received for this part-time service the sum of $13,772 but did not receive benefits of insurance and health and accident benefits by virtue of not being a full-time employee.

For the 1983-1984 school term the defendant school board employed Don DeVinney in a position which the plaintiff was qualified to teach.

On November 30, 1983, the Illinois State Board of Education, as the result of an audit of teacher qualifications, determined that DeVinney was not qualified to teach the classes he was assigned. In August of 1984 the plaintiff filed suit seeking the difference between the two-fifths pay she received and full-time pay plus amounts which would have been paid to her for insurance and accident benefits.

The circuit court of Rock Island County dismissed plaintiff's complaint by granting the defendant school district's motion for summary judgment. According to a collective bargaining agreement between the teachers and the district, disputes under the agreement are to be settled by a grievance procedure. The circuit court reasoned that at the time plaintiff's employment was terminated, being the end of the 1982-1983 school year, she was a full-time teacher and that her exclusive remedy was to pursue the grievance procedure contained in the bargaining agreement.

The sole issue presented in this appeal is whether the plaintiff was required to arbitrate her dispute with the defendant board or may she have it resolved by the circuit court.

In addressing this issue it should be noted that the bargaining agreement between the Rock Island Education Association and Rock Island Board of Education District No. 41, Rock Island, for the years 1981-1984 provides in article I, section A, as follows:

"1. The Board hereby recognizes the Association as the exclusive and sole negotiation agent for *all regularly employed full-time certified employees (contracted)* and all *regularly employed part-time certified employees (contracted) who are employed for four (4) or more hours per school day by District No. 41* \*\*\*." (Emphasis added.)

During the school year of 1982-1983 the plaintiff was a full-time employee and was covered by the bargaining agreement. During the school year of 1983-1984, and more specifically at the time when DeVinney's qualifications were found to be deficient, to-wit, on November 30, 1983, the plaintiff was employed by the defendant district teaching typing and working only two hours a day. On November 30, 1983, the plaintiff was not part of the bargaining agreement and

could not and in fact had no right to utilize the same by filing a grievance.

■ It is apparently the district's reasoning as well as the trial court's that the dispute between the district and the plaintiff arose when plaintiff was dismissed in March 1983 and that if DeVinney was not qualified in November then he was not qualified the preceding March and therefore the plaintiff, who in March was a full-time teacher, was entitled to and required to use the grievance procedure for any relief she might seek. The fallacy of this reasoning is that the plaintiff may well have been unaware of the fact that DeVinney was not qualified for his position in March 1983.

The plaintiff alleges in her complaint:

"9. That the Defendant Board of Education knew that Don DeVinney was not qualified to serve as a CWT and General Business teacher and that the Plaintiff, BONNIE BALLARD, was qualified to serve as a CWT and General Business teacher in the position held by Don DeVinney for the 1983-1984 school year."

The defendant district in its answer to this allegation in the complaint stated:

"9. Denies the allegation of paragraph 9."

The aforesaid pleadings illustrate that the defendant district attempts to hold the plaintiff to a higher degree of awareness of DeVinney's qualifications than it holds itself, even though the employer of both the plaintiff and DeVinney. The defendant district is charged with the responsibility of knowing the qualifications of its teachers. This information is under the control of the board and is not readily available to the public. The defendant district would require the plaintiff to file a grievance in March 1983, when she was not possessed of the knowledge that she had a grievance.

■ The trial court further granted the defendant district's motion for summary judgment since she made no allegation in her complaint that there was a vacancy. No allegation as to "vacancy" was made since none existed. The bargaining agreement defines vacancy as a position caused by death, retirement, discharge, resignation, or the creation of a new position. None of these existed, and based upon the record in this case, DeVinney may still be teaching in the position once held by the plaintiff. We further note that the prayer of plaintiff's complaint seeks monetary reimbursement, not recall.

For a teacher to seek recourse under certain circumstances is not an unusual remedy. The appellate court of the Fifth District recently held it permissible for a tenured teacher to bring suit seeking a writ

of *mandamus* compelling board of education to assign her a full-time schedule of courses and damages in the amount of her lost wages. See *Pennell v. Board of Education* (1985), 137 Ill. App. 3d 139, 484 N.E.2d 445.

For the reasons set forth the judgment of the circuit court of Rock Island County is reversed and this case is remanded for further proceedings.

Reversed and remanded.

STOUDER, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:
I agree with everything stated in the majority opinion until the last two paragraphs. Accordingly, I have no quarrel with the holding that plaintiff was not required to exhaust her remedies under the collective bargaining agreement.

The vacancy issue is another matter entirely. A brief review of the facts is essential to a complete understanding. As of March 1983, both plaintiff and DeVinney were tenured teachers. DeVinney was the more senior. Defendant sought to reduce its teaching force due to financial constraints. Apparently unaware that DeVinney was technically unqualified to teach the classes for which he was scheduled the upcoming fall, defendant followed the layoff procedure of the collective bargaining agreement and dismissed plaintiff. It was only in the following November that defendant learned of DeVinney's alleged shortcomings.

Before addressing the merits, it is also necessary to sort out the various claims that are and are not being made. Were perfect knowledge available to all concerned, plaintiff would have made a claim in March for wrongful termination, since defendant had dismissed her instead of DeVinney. Under the collective bargaining agreement, this would have been a matter for arbitration. Limitations periods to the contrary notwithstanding, the claim is still theoretically viable. However, this is not the claim which plaintiff has urged. Her theory is that she did not know that the termination was wrongful at the time she was covered by the collective bargaining agreement. However, when all concerned became aware of the potential wrongfulness of her termination, she was no longer a member of the bargaining unit. Moreover, her right to recover arises from neither the collective bargaining agreement nor from the termination as such: it is based in the statute. Hence, she is entitled to forego the grievance process and to sue

directly.

Plaintiff asks for monetary damages based on defendant's breach of her statutory recall rights. The relevant section of the School Code reads:

> "If the board has any vacancies for the following school year, *** the positions thereby becoming available shall be tendered to the teachers so removed so far as they are legally qualified to hold such positions." (Ill. Rev. Stat. 1985, ch. 12—2, par. 24—12.)

It is clear from the statute, however, that plaintiff has no recall rights unless there is a vacancy or a position becomes available. But there is no vacancy. DeVinney not only is still teaching, but there is an outstanding question as to whether he actually should be removed. Absent a vacancy, there is no position for plaintiff to be recalled into. Therefore, defendant has not wrongfully failed to recall plaintiff as a full-time teacher.

I note that this interpretation carries with it a large qualification based on the unique factual situation here. School districts cannot be allowed to dismiss qualified teachers and replace them with unqualified teachers and then assert the lack of a vacancy to frustrate statutory recall rights. In the case at bar, there is no indication that defendant manipulated the situation to deprive plaintiff of her rights.

The reason I am forced to countenance what might seem to be an inequitable outcome is that the statute does not cover plaintiff's situation. The operative portion of section 24—12 could have been drafted to include "vacancies," "positions becoming available" or "positions held by unqualified teachers." However, it does not so read. It would be an unwarranted construction of the current section 24—12 to read that provision in, in spite of what equity might seem to require. Moreover, it would also drastically change the character of cases such as this, since the status of third parties would be at issue.

Accordingly, I would affirm the judgment of the circuit court.