BONNIE BALLARD, Plaintiff-Appellant, v. BOARD OF EDUCATION OF ROCK ISLAND SCHOOL DISTRICT NO. 41, Rock Island County, Defendant-Appellee.

Third District   No. 3—87—0276

Opinion filed March 9, 1988.

Drach & Deffenbaugh, P.C., of Springfield (R. W. Deffenbaugh, of counsel), for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline (Richard M. Batcher, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Bonnie Ballard, appeals from a judgment order entered by the circuit court of Rock Island County which held she failed to establish her right to a full-time teaching position during the 1983-84 school term and which denied her request for monetary damages from the defendant, the Board of Education of the Rock Island School District No. 41 (hereinafter Board). Ballard maintains that the trial court erred in finding there was no vacancy in the position teaching general business and cooperative work training to which she should have been appointed and in concluding that the Board did not abuse its discretion when it assigned a colleague with greater seniority, but with fewer semester hours of the State Board of Education required course work, to teach those subjects.

In February 1985, this court reversed the trial court's grant of summary judgment to the Board and held that Ballard was not required to arbitrate her dispute before instituting an action in the circuit court. We then remanded the cause for further proceedings and it is from these proceedings that Ballard brings the instant appeal. *Ballard v. Board of Education* (1986), 141 Ill. App. 3d 24, 489 N.E.2d 896.

Bonnie Ballard was a tenured teacher and chairman of the business department at Rock Island High School during the 1982-83 school term. Ballard taught courses in typing and office occupations, and served as the occupational co-op coordinator. In the spring of 1983, the Board honorably dismissed Ballard and terminated her position. A tenured colleague, Don DeVinney, who had more seniority than Ballard, was not dismissed but was assigned to teach the general business and cooperative work training courses during the 1983-84 term. The Board thereafter hired Ballard to teach part time during the 1983-84 school term.

The Illinois State Board of Education conducted an audit of the Rock Island School District in the fall of 1983, and determined that several teachers, including DeVinney, were not qualified to teach the

courses they were assigned. DeVinney was initially determined to lack the required 24 semester hours of course work qualifying him to teach general business and cooperative work training, but was thereafter credited with 12 hours of prior course work, following which he submitted a plan to complete the remaining required hours. After receiving the State Board's report, the Board allowed DeVinney to take the additional course work and he continued to teach the general business and cooperative work training courses during the school term.

In August of 1984, Ballard filed suit seeking monetary damages stemming from her reduction to part-time teaching status during the 1983-84 school term. The Board thereafter requested the State Board review her credentials to determine if she were qualified to teach general business or cooperative work training. The State Board determined that Ballard also was unqualified and would need to complete additional required course work to become qualified to teach general business. To be qualified to teach cooperative work training, it was determined she would need to complete a workshop and obtain certification from the Board that she had 2,000 hours of documented nonteaching work experience, in addition to completing additional course work.

Following a hearing on the merits, the circuit court issued an opinion and entered judgment in favor of the Board finding, *inter alia*, that: (1) neither DeVinney nor Ballard was qualified under the State Board of Education requirements to teach general business and cooperative work training during the 1983-84 school term; (2) there was no vacancy in the teaching assignment for these courses during this term to which Ballard was entitled to be appointed as DeVinney was assigned to that position during the term; (3) there was no evidence the Board knew DeVinney was unqualified pursuant to State Board requirements or that the Board flaunted the law when it made the appointment; and (4) there was no evidence DeVinney was unqualified *per se* to teach the courses. The trial court reasoned that given the State Board of Education does not require discharge of a teacher found to be unqualified due to course work deficiencies, and given DeVinney was not discharged by the local Board, there existed no vacancy to which Ballard could be entitled to be recalled.

Two issues are presented for our review: (1) whether the position to which DeVinney was assigned became vacant by operation of law when it was discovered he did not meet the course work requirements qualifying him to teach general business and cooperative work training, and (2) whether the Board abused its discretion when it assigned DeVinney to the position teaching these courses when he was less

qualified than Ballard in terms of completed course work requirements mandated by the State Board of Education.

■ Section 24—12 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—12), commonly known as the Teacher Tenure Act, provides:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed ***, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first ***. If the Board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions." (Ill. Rev. Stat. 1985, ch. 122, par. 24—12.)

It is well settled that section 24—12 was enacted to provide job security to tenured teachers by granting them priority for retention over nontenured teachers, and priority over tenured teachers with fewer years of continuing service, when reductions in programs and teaching staff are made by local boards of education. (*Birk v. Board of Education* (1984), 104 Ill. 2d 252, 472 N.E.2d 407; *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 423 N.E.2d 903.) Section 24—12 further assures employment security for teachers by providing that honorably dismissed teachers will be given priority for recall to any vacancies for which they are legally qualified. *Bilek v. Board of Education* (1978), 61 Ill. App. 3d 323, 377 N.E.2d 1259.

■ Ballard maintains that DeVinney's teaching assignment became vacant by operation of law when the State Board determined he was not legally qualified to teach the courses, and therefore she should have been appointed to his position pursuant to her right of recall provided for in section 24—12. Section 24—12 requires a local school board to consider a tenured teacher's compliance with the course work requirements promulgated by the State Board of Education in Circular Series A, No. 160, *i.e.*, his legal qualifications, only when it replaces a nontenured teacher with a tenured teacher and when it recalls honorably dismissed teachers to fill actual vacancies. This section does not require as a matter of law the removal or dismissal of a tenured teacher who is not in compliance with these course work requirements. The plain meaning of this statute and the overall legislative intent of the tenure act, *i.e.*, to provide teachers employment security, is clearly contrary to Ballard's contention that in the instant cause a vacancy has been created by operation of law to

which she is entitled to be recalled. Assuming the Board, pursuant to the statutory powers of dismissal granted in section 10—22.4 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 10—22.4), had dismissed DeVinney and created an actual vacancy, the record clearly reveals she could not be appointed as she was not legally qualified. We conclude that as a matter of law no vacancy existed in the position teaching general business and cooperative work training to which Ballard could be entitled to be recalled.

■ The final issue presented for review is whether the Board abused its discretion in assigning DeVinney rather than Ballard to the position teaching general business and cooperative work training in the spring of 1983. It is the well-settled prerogative of a local board to consider and compare the credentials and qualifications of its tenured teaching staff when making decisions concerning teacher retention, dismissal, and assignment, and its decisions will be upheld absent a showing of discrimination or unreasonableness. *Zink v. Board of Education* (1986), 146 Ill. App. 3d 1016, 497 N.E.2d 835; *Pennell v. Board of Education* (1985), 137 Ill. App. 3d 139, 484 N.E.2d 445; *Newman v. Board of Education* (1981), 98 Ill. App. 3d 976, 424 N.E.2d 1331.

■ The record reveals that the Board, in compliance with the requirements of section 24—12, properly terminated Ballard and then assigned DeVinney to the position unaware that he was not in complete compliance with the State Board of Education course work requirements promulgated in its Circular Series A, No. 160; further, that Ballard likewise was unaware that both she and DeVinney were legally unqualified to teach general business and cooperative work training. Given these uncontroverted facts, we conclude that the Board did not abuse its discretion when it appointed DeVinney, who had more seniority than Ballard, to the position teaching general business and cooperative work training.

Based on the foregoing, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

HEIPLE and STOUDER, JJ., concur.