DAVID DEEM, Plaintiff-Appellant, v. BOARD OF EDUCATION OF TRIAD COMMUNITY UNIT SCHOOL DISTRICT NO. 2, MADISON COUNTY, Defendant-Appellee.

Fifth District No. 5—88—0318

Opinion filed June 22, 1990.

Ralph H. Loewenstein, of Drach & Deffenbaugh, P.C., of Springfield, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Kevin R. Sido, William M. Gatlin, and Kathryn A. Spalding, of counsel), for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff, David Deem, appeals the Madison County circuit court's dismissal of his complaint for failure to state a cause of action under section 24—12 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—12). We reverse and remand.

Deem's complaint alleged that: he was a tenured teacher in contractual continued service with defendant, Board of Education of Triad Community Unit School District No. 2; before the 1979-1980 school year, he taught full time; during the 1979-1980 school year, he agreed with the Board to teach part time; during both the 1984-85 and 1985-86 school years, he asked the Board's superintendent whether any full-time positions were available; he was told there were none; before the commencement of the 1986-1987 school year, he demanded to be returned to any available full-time teaching position he was legally qualified to fill; during the 1986-1987 school year, the Board hired a teacher to fill a newly created nurse/biology teaching position; and, finally, Deem alleged he was qualified to teach this biology course, was available to teach at the time the course was scheduled, and had more seniority than the new teacher.

Deem asserts that the Board's refusal to assign to him to teach the biology courses was a violation of section 24—12 of the Illinois School Code.

Section 24—12 provides in part:

> "Removal or dismissal of teachers in contractual continued service. If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, *** in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first ***. If the board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions." Ill. Rev. Stat. 1985, ch. 122, par. 24—12.

The Board claims that Deem's complaint was correctly dismissed, because Deem did not allege that he had been dismissed or removed as required by section 24—12. The Board argues that the voluntary agreement between the parties to reduce Deem to part-time teaching status did not constitute a dismissal or removal, since it was not due

to a unilateral decision of the Board to "decrease the number of teachers employed by the board or to discontinue some particular type of teaching service."

■ While section 24—12 requires a removal or dismissal, the courts have consistently held that "to be consistent with the purpose of the School Code the words must encompass *any* reduction in the extent of employment *** [otherwise] a board could merely nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign." (Emphasis in original.) *Caviness v. Board of Education of Ludlow Community Consolidated School District No. 142* (1978), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 158; see also *Birk v. Board of Education of Flora Community Unit School District No. 35* (1983), 120 Ill. App. 3d 181, 457 N.E.2d 1065, *aff'd* (1984), 104 Ill. 2d 252, 472 N.E.2d 407.

In *Caviness*, the court found that if a tenured teacher's position was reduced to a part-time position, "the sum total of full-time teachers was decreased, thereby activating the 'bumping' privileges for teachers in 'contractual continued service.' To hold otherwise would simply emasculate the statutory tenure protections and circumvent the clear legislative intent sheltered under the canopy of the School Code." *Caviness v. Board of Education of Ludlow Community Consolidated School District No. 142* (1983), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 159.

Courts have followed this reasoning and have held that a tenured teacher who accepted part-time teaching status did not relinquish status as a tenured teacher. *Brown v. Board of Education, Galatia Community Unit School District No. 1* (1976), 38 Ill. App. 3d 403, 347 N.E.2d 791; *Johnson v. Board of Education of Decatur School District No. 61* (1981), 85 Ill. 2d 338, 423 N.E.2d 903; *Wilson v. Board of Education of Limestone-Walters School District No. 316* (1984), 127 Ill. App. 3d 433, 468 N.E.2d 995.

■ Deem's complaint alleged his tenured status and a mutually agreed-upon reduction in teaching to part time. Relying upon the rationale of *Brown* and *Caviness* for guidance, we hold that these allegations are sufficient to satisfy the section 24—12 requirements of a "teacher in contractual continued service" who is "removed or dismissed" due to a decision of the board to "decrease the number of teachers employed *** or to discontinue some particular type of teaching service." Ill. Rev. Stat. 1985, ch. 122, par. 24—12.

Were we to hold otherwise, a tenured teacher who accepted part-time employment could never resume full-time teaching without a school board's approval. Thus, a tenured teacher, who had agreed to

accept part-time status, always could be required to remain part time even though there might be nontenured and less tenured teachers in positions which the tenured part-time teacher is qualified to teach. Such a holding would authorize a board to refuse to fill vacancies with a tenured part-time teacher who is qualified to fill the vacancy, a one-sided result not in the spirit of the tenure provisions of the School Code.

Our disposition of this issue raises a second. Could Deem claim a right to teach the biology courses in preference to the new teacher? Section 24—12 does not explicitly answer this question.

■ First, section 24—12 provides that before a tenured teacher is removed or dismissed, the board must first remove any nontenured or less tenured teachers whose position the tenured teacher is qualified to fill. Second, section 24—12 provides that a legally removed or dismissed tenured teacher has preferential rehiring rights to any vacancies that arise in "the following school term or within one calendar year from the beginning of the following school term" for which the tenured teacher is qualified. When teaching vacancies arise after this time period, a previously removed or dismissed tenured teacher no longer enjoys preferential rehiring rights. See *Relph v. Board of Education of DePue Unit School District No. 103* (1977), 51 Ill. App. 3d 1036, 366 N.E.2d 1125; *Hartley v. Board of Education of Cerro Gordo Community Unit School District No. 100* (1978), 66 Ill. App. 3d 1021, 384 N.E.2d 535.

The Board contends that one year had expired before Deem attempted to exercise bumping rights. Assuming, *arguendo*, that the voluntary reduction to part time constituted a removal or dismissal, the Board contends that Deem could only exercise his bumping rights one year after the 1979-1980 school term, which, the Board notes, Deem failed to do by his own allegations. According to the Board, Deem's requests during the 1984-1985 and following school years are a nullity since his recall rights no longer existed. Therefore, the Board argues that his complaint fails to state a cause of action under the statute.

Such a restrictive reading of section 24—12 would thwart the purpose of the School Code's tenure provisions when applied to the facts of this case. As stated in *Birk v. Board of Education of Flora Community Unit School District No. 35* (1983), 104 Ill. 2d 252, 257, 472 N.E.2d 407, 409:

"The primary purpose of the tenure provisions of the School Code is to give tenured teachers priority over nontenured teachers [citation] *** . The legislature's goal in creating

teacher tenure was to assure continuous service on the part of teachers of ability and experience by providing those teachers with some degree of job security. [Citations.] Thus, a tenured teacher is entitled to a reading of section 24—12 which is consistent with its prime purpose of protecting those who [qualify] for its protections."

The Board was clearly on notice that Deem desired to resume full-time teaching, and he made such demand within a year before the new teaching position was created and the new, less senior teacher was hired.

Since Deem has otherwise demonstrated his qualifications for protections under section 24—12, the spirit of the tenure law compels us to find from the record below that Deem stated a cause of action under the School Code.

A tenured teacher who agrees to a reduction in teaching load, who requests to be returned to full-time teaching, can assert "bumping rights" against a new, nontenured teacher, who has been hired to teach a newly created course which the tenured teacher is qualified to teach.

We intimate no opinion as to whether a teacher who voluntarily accepts a part-time position may thereafter exercise bumping rights against a less senior teacher who was employed by a Board, and likewise tenured, at the time of the voluntary reduction.

Deem's complaint states a cause of action against the Board under section 24—12 of the School Code. We therefore reverse the circuit court and remand for further proceedings.

Reversed and remanded.

LEWIS, P.J., and GOLDENHERSH, J., concur.