RENAE PIQUARD, Plaintiff-Appellant, v. BOARD OF EDUCATION OF PEKIN COMMUNITY HIGH SCHOOL DISTRICT No. 303, Defendant-Appellee.

Third District    No. 3—92—0503

Opinion filed March 19, 1993.

Wayne B. Giampietro, of Witwer, Burlage, Poltrock & Giampietro, of Chicago (James B. Dykehouse, of counsel), for appellant.

William R. Kohlhase and Dennis R. Triggs, both of Miller, Hall & Triggs, of Peoria (Douglas G. Griffin, of counsel), for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Renae Piquard, appeals from an order of the circuit court of Tazewell County which granted summary judgment in favor of the defendant, the Board of Education of Pekin Community High School District No. 303 (Board). The plaintiff raises two issues on appeal: (1) whether the Board maintained proper seniority lists which were binding upon the plaintiff in a reduction in force; and (2) whether the Board violated the plaintiff's tenure rights when it retained a teacher not qualified to teach health courses and dismissed the plaintiff, who was qualified to teach those courses.

We affirm because we find that the Board properly dismissed the plaintiff pursuant to the collective bargaining agreement.

The plaintiff was hired by the Board in August 1979 to teach physical education. The certificate issued by the State Board of Education stated that she was qualified to teach physical education and health. At the time she was hired, physical education and health were

separate departments. At least since 1980, the Board has maintained seniority lists in order to keep track of the relative seniority of its teachers. The lists consisted of a master list of all tenured teachers and separate seniority lists of the teachers in each department. The plaintiff was listed on the physical education seniority list from the time she became tenured. However, she was *never* listed on the health seniority list. Around 1985, physical education and health were combined into one department. Thereafter, the Board continued to maintain a separate health seniority list. The Board also maintained separate seniority lists for other departments which existed when it began keeping the lists even though some of the departments later merged with other departments.

In March 1991, the plaintiff was notified by the Board that she was being dismissed at the end of the school year due to a reduction in force. The Board determined there were too many teachers in the physical education department. It also determined, based on the seniority lists, that the plaintiff was the physical education teacher with the least seniority who was unqualified to fill any other teaching position. Of the 27 teachers on the physical education seniority list, five had less seniority than the plaintiff. One of the teachers with less seniority was the director of instruction and personnel, who was not subject to layoff. Three of the other teachers with less seniority than the plaintiff were also listed on the seniority lists of the science, English, or guidance departments and were acting as teachers in those departments. Therefore, these teachers were not subject to dismissal. Sandra Burrell was the remaining teacher with less seniority than the plaintiff. Burrell was qualified to teach health *and* was listed on the health seniority list. Also, the Board determined that Burrell would be needed to teach health during the 1991-92 school year. Accordingly, the Board determined that Burrell would be retained and not dismissed.

On September 13, 1991, the plaintiff filed a complaint for *mandamus* and declaratory relief seeking reinstatement and back pay. She claimed that her dismissal was in violation of her rights under section 24—12 of the School Code (Ill. Rev. Stat. 1991, ch. 122, par. 24—12).

The Board filed an answer and affirmative defenses which claimed that the plaintiff's dismissal was proper under the terms of the collective bargaining agreement in effect between the Board and the teachers' representative, the Pekin Teachers' Alliance. A copy of the collective bargaining agreement was attached to the Board's answer. The agreement provided:

"5.2. If reductions in teachers or teaching position [*sic*] occur, teachers shall be laid off in inverse seniority order; *i.e.*, shortest in length of service first, provided the remaining teachers have the necessary qualifications and certifications *** to properly fill the remaining positions."

The agreement stated that "[e]ach teacher's name shall appear on every seniority list for which the teacher is qualified and certified." In addition, the agreement stated that: (1) the Board would post an updated seniority list for all departments no later than the first school day in December of each year; (2) the seniority lists would govern the status of years of service with the school district; (3) any teacher who disagreed with his or her placement on the seniority lists would have 60 days after the posting to initiate a challenge through the grievance procedure; and (4) *"[i]f no challenge is initiated, the placement and specified years of service found on the list shall be conclusive."* (Emphasis added.)

The Board filed a motion for summary judgment claiming there were no disputed issues of material fact. Plaintiff also filed a motion for summary judgment. The plaintiff agreed with the Board that there were no disputed facts. The trial court granted the Board's motion for summary judgment. The court held that the collective bargaining agreement established the sequence of dismissal. The court also determined that the Board's seniority lists were conclusive as to placement and years of service.

On appeal, the plaintiff first argues that she was improperly dismissed. The plaintiff contends that she should have been retained instead of Sandra Burrell because she had more seniority and was qualified to teach health. The Board responds by arguing that its dismissal action was proper because Burrell was listed on the health seniority list while the plaintiff was not. The Board further asserts that, under the terms of the collective bargaining agreement, the seniority lists were conclusive with respect to seniority rights. We agree with the Board's argument.

The primary purpose of the School Code's tenure provisions is to give tenured teachers priority over nontenured teachers and, as between tenured teachers, to give priority to those with the longer length of continuing service. (*Birk v. Board of Education of Flora Community Unit School District No. 35* (1984), 104 Ill. 2d 252, 257, 472 N.E.2d 407, 409.) *Mandamus* is the proper and appropriate legal remedy for a teacher who seeks reinstatement to a position from which she has been improperly removed. (See *Walter v. Board of Education of Quincy School District No. 172* (1982), 93 Ill. 2d 101, 107-

08, 442 N.E.2d 870, 873.) However, *mandamus* will be granted *only* in those cases where the plaintiff can demonstrate a clear right to this extraordinary relief. *Walter*, 93 Ill. 2d at 105, 442 N.E.2d at 872.

It is the prerogative of a local school board to consider and compare the qualifications and credentials of its tenured teaching staff when making decisions concerning retention, dismissal and assignment. (*Ballard v. Board of Education of Rock Island School District No. 41* (1988), 167 Ill. App. 3d 224, 228, 521 N.E.2d 153, 156.) The board's decisions will be upheld absent a showing of discrimination and unreasonableness. (*Ballard*, 167 Ill. App. 3d at 228, 521 N.E.2d at 156.) Courts will not interfere with the exercise of the powers of a school board, or substitute their discretion for that of the board, unless the board's action is palpably arbitrary, unreasonable, or capricious. *Peters v. Board of Education of Rantoul Township High School District No. 193* (1983), 97 Ill. 2d 166, 171, 454 N.E.2d 310, 312-13.

Here, it is undisputed that the plaintiff was dismissed solely because her name did *not* appear on the health seniority list. If her name had been on the list, she would have been retained and Sandra Burrell would have been subject to dismissal. Therefore, our initial inquiry is whether the Board's method of maintaining the seniority lists violated the School Code.

■ Under the School Code, a tenured teacher is said to be in "contractual continued service." (*Peters*, 97 Ill. 2d at 169-70, 454 N.E.2d at 312.) Section 24—12 of the School Code sets forth the procedures which a school board must follow in a reduction in force. It states, in pertinent part:

> "As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first *unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement* \*\*\*. \*\*\* Each board shall, in consultation with any exclusive employee representatives, each year establish a list, categorized by positions, showing the length of continuing service of each teacher who is qualified to hold any such positions, unless an alternative method of determining a sequence of dismissal is established as provided for in this Section, *in which case a list shall be made in accordance with the alternative method.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 122, par. 24—12.

The alternative method of determining the sequence of dismissal provided by a collective bargaining agreement cannot diminish the rights of tenured teachers under the statute. (See Ill. Rev. Stat. 1991,

ch. 48, par. 1710(b); *Biggiam v. Board of Trustees of Community College District No. 516* (1987), 154 Ill. App. 3d 627, 646, 506 N.E.2d 1011, 1023-24.) To be permissible under section 24—12, any alternative method of dismissal must bear the same characteristics as inverse seniority and must be founded upon objectively verifiable criteria unrelated to a teacher's skills, abilities or performance. *Schafer v. Board of Education of Arlington Heights School District No. 25* (1987), 157 Ill. App. 3d 884, 889, 510 N.E.2d 1186, 1190.

We agree with the Board's argument that the collective bargaining agreement in this case provided an alternative method for determining the sequence of dismissal in a reduction in force. We also agree with the Board's position that the alternative method provided in the agreement is permissible under the statute because it is based upon inverse seniority. We find that the agreement is founded upon objectively verifiable criteria and does not diminish the rights of tenured teachers. Therefore, the plaintiff's dismissal was proper so long as the Board followed the terms of the collective bargaining agreement in maintaining the seniority lists.

■ Based upon our review of the record, we conclude that the Board's method of maintaining the seniority lists did not violate the terms of the collective bargaining agreement. The agreement provided that an updated seniority list for all *departments* was to be posted by the Board each year. However, the plaintiff contends that the Board was totally inconsistent in the way in which it maintained its seniority lists. Plaintiff argues that "[m]aintaining a seniority sublist for Health is not sanctioned by the collective bargaining agreement because there is no Health Department." The record shows that the Board maintained its seniority lists by departments and by subjects which were departments when the Board began keeping the seniority lists. We find this method of carrying out the terms of the agreement was not discriminatory, arbitrary, unreasonable or capricious. Therefore, we conclude that the Board did not violate the collective bargaining agreement by maintaining seniority lists for departments and for subjects which had once been departments.

In addition, it is undisputed that the Board posted the seniority lists as required by the agreement. According to the agreement, a teacher's name was to appear on every seniority list for which the teacher was qualified and certified. The agreement further provided that, if no challenge to the seniority lists was made by a teacher within 60 days after posting, the seniority lists became *conclusive* regarding that teacher's specified years of service. The plaintiff had the opportunity to observe the posted seniority lists and the ability to

challenge the omission of her name from the health seniority list. Teachers have the burden of assuring that all of their teaching qualifications are clearly presented to the school board. (*Hancon v. Board of Education of Barrington Community Unit School District No. 220* (1985), 130 Ill. App. 3d 224, 230, 474 N.E.2d 407, 411; *Hagopian v. Board of Education of Tampico Community Unit School District No. 4* (1978), 56 Ill. App. 3d 940, 944-45, 372 N.E.2d 990, 994-95.) Here, it was clearly the plaintiff's responsibility under the terms of the collective bargaining agreement to challenge the seniority lists if her name did not appear on any list for which she was qualified and certified. The record shows that the plaintiff never challenged any seniority list. Based on the lists maintained by the Board, the plaintiff was the teacher with the least seniority on the physical education list whose name did not appear on any other seniority list. Sandra Burrell's name appeared on the health seniority list, and she was needed to teach health. We find the Board complied with the collective bargaining agreement when it determined that the plaintiff should be dismissed and Burrell should be retained.

The plaintiff additionally argues that her dismissal was improper because the reasons given by the Board for her dismissal were false. The plaintiff points out that the Board notified her that she was being dismissed due to a decrease in the number of teachers. In fact, the total number of teachers employed by the Board for the next school year *increased* due to the need for additional teachers in the science, English and mathematics departments. The plaintiff argues that section 24—12 of the School Code allows for the dismissal of teachers due to a reduction in force only where there is a decrease in the total number of teachers employed or where a particular type of teaching service is discontinued. (Ill. Rev. Stat. 1991, ch. 122, par. 24—12.) We disagree.

■ There is no dispute that the number of physical education teachers employed by the Board did decrease. It has been consistently held that section 24—12 encompasses *any* reduction in the extent of employment due to economic necessity. (*Deem v. Board of Education of Triad Community Unit School District No. 2* (1990), 200 Ill. App. 3d 903, 905, 558 N.E.2d 291, 292; *Wilson v. Board of Education of Limestone-Walters School District No. 316* (1984), 127 Ill. App. 3d 433, 436, 468 N.E.2d 995, 997; *Caviness v. Board of Education of Ludlow Community Consolidated School District No. 142* (1978), 59 Ill. App. 3d 28, 31, 375 N.E.2d 157, 158.) The Board has persuasively argued that school districts must be allowed to shift their resources in accordance with the demands of their students. We conclude that a

school board may legitimately reduce the number of teachers in one area, based upon reduced need, even when it is necessary to increase the number of teachers in other areas. The plaintiff was therefore properly dismissed due to a decrease in the number of teachers needed to teach physical education.

In a related argument, the plaintiff asserts that a number of "supervision" assignments were improperly moved from the physical education department to the mathematics department. The plaintiff argues that it was this reassignment which resulted in her dismissal because it caused the reduction in the number of physical education teachers. We agree with the plaintiff that a school board cannot rearrange assignments in such a way as to defeat a teacher's tenure rights. (*Pennell v. Board of Education of Equality Community Unit School District No. 4* (1985), 137 Ill. App. 3d 139, 143, 484 N.E.2d 445, 448.) However, the record does not show that the plaintiff was dismissed because of a rearrangement of assignments. There was deposition testimony that there were more teachers in the physical education department than were needed to teach the scheduled classes. The record also shows that the physical education department had only two less supervision assignments in the 1991-92 school year than in the 1990-91 school year. The loss of these two assignments to the mathematics department was clearly not the cause of the decrease in the number of teachers needed in the physical education department. We conclude that the Board did not realign assignments in order to avoid retaining the plaintiff (see *Peters v. Board of Education of Rantoul Township High School District No. 193* (1983), 97 Ill. 2d 166, 172, 454 N.E.2d 310, 313) or transfer assignments to deprive the plaintiff of her position (see *Hampson v. Board of Education* (1991), 215 Ill. App. 3d 817, 826, 576 N.E.2d 54, 60).

Finally, the plaintiff argues that her dismissal was improper because the Board retained a teacher for the 1991-92 school year who was not qualified to teach health. Carol Martin was listed on the physical education seniority list and had *more* seniority than the plaintiff. Plaintiff notes that Martin was not listed on the health seniority list. Martin taught health the year following the plaintiff's dismissal and became qualified to teach health during the first semester of that school year. The plaintiff acknowledges that she is not asserting any "bumping" rights against Martin because Martin clearly had more seniority. However, the plaintiff asserts that because Martin was retained to teach health, the Board did not uniformly enforce the rules used to justify the plaintiff's dismissal. We disagree.

■ Carol Martin clearly had *more* seniority than the plaintiff. Therefore, the Board had no reason to consider Martin's qualifications when it determined that the plaintiff was the least senior teacher in the physical education department who was not listed on any other seniority list. Martin's teaching assignments the following year are irrelevant to the issue of whether the plaintiff's dismissal was improper. Also, we previously have concluded that the Board properly relied on the seniority lists when it determined that the plaintiff was only qualified to teach physical education. The law is clear that when two teachers are both determined to be unqualified to teach a particular subject, and the more senior teacher is assigned to teach the class, the teacher with less seniority cannot claim to have been improperly dismissed. *Ballard v. Board of Education of Rock Island School District No. 41* (1988), 167 Ill. App. 3d 224, 228, 521 N.E.2d 153, 156.

For the reasons indicated, we determine that the plaintiff has not established a clear right to the extraordinary remedy of *mandamus*. Accordingly, we find the trial court properly granted the Board's motion for summary judgment.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY and BRESLIN, JJ., concur.